*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HARRELL, BURGTORF, and KORN
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Robert T. ROSSO**
Private First Class (E-2), U.S. Marine Corps
*Appellant*

**No. 202600033**

_____

Decided: 17 July 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
David C. Segraves

Sentence adjudged 1 October 2025 by a general court-martial tried at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 12 months, and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Andrew S. Clayton, JAGC, USN*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and that no error materially prejudicial to Appellant's substantial rights occurred.[1]

We note, however, that the Entry of Judgment (1) erroneously includes a specification that was not referred to the court-martial;[2] and (2) lists an incorrect Uniform Code of Military Justice Article for the Additional Charge. Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceedings.[3] In accordance with R.C.M. 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

_____

[1] Articles 59 & 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 859, 866.

[2] *United States v. Booker*, 83 M.J. 595, 598 (N-M Ct. Crim. App. 2023) ("Including these accusations in the Entry of Judgment when they were neither part of the court-martial proceedings nor required to be included by law or regulation was error.").

[3] *United States v. Sutton*, 81 M.J. 677 (N-M. Ct. Crim. App. 2021); *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

United States Navy–Marine Corps

Court of Criminal Appeals

UNITED STATES

v.

Robert T. ROSSO
Private First Class (E-2)
U.S. Marine Corps

*Accused*

NMCCA NO. 202600033

ENTRY
OF
JUDGMENT

*As Modified on Appeal*

17 July 2026

On 1 October 2025, the Accused was tried at Marine Corps Base Camp Pendleton, California, by a general court-martial consisting of a military judge sitting alone. Military Judge David C. Segraves presided.

## FINDINGS

The following are the Accused's pleas and the Court's finding to all offenses referred to trial:

**Charge I:** **Violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice, to ripen into prejudice upon completion of appellate review.

**Specification:** **(Rape by first rendering that other person unconscious) Did, at or near Marine Detachment Presidio of Monterey, Monterey, CA, on or about 10 April 2024, commit a sexual act upon LCpl L. L. by penetrating LCpl L. L.'s vulva with his penis, by first rendering LCpl L. L. unconscious by choking her.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice, to ripen into prejudice upon completion of appellate review.

**Additional Charge: Violation of Article 128b, Uniform Code of Military Justice, 10 U.S.C. § 928b.**

> *Plea:* Guilty
> *Finding:* Guilty

**Specification:** **(Assaulting an intimate partner by strangulation) Did, at or near Marine Detachment Presidio of Monterey, Monterey, CA, on or about 10 April 2024, commit an assault upon LCpl L.L., the intimate partner of the accused, by unlawfully strangling her with his hand.**

> *Plea:* Guilty.
> *Finding:* Guilty.

## SENTENCE

On 1 October 2025, the military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement for 12 months.**

**A bad-conduct discharge.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court